PER CURIAM.
The defendant appeals the order denying his motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for an evidentiary hearing.
The defendant claims that he should be permitted to withdraw his plea to aggravated battery and attempted armed robbery because counsel affirmatively misad-vised him regarding the consequences of his plea. He asserts that counsel told him that the conviction would not be admitted as Williams rule[1] evidence during the guilt phase of his upcoming murder trial and would only be admitted as an aggravating factor in the penalty phase.
We reverse and remand for an eviden-tiary hearing because the record does not conclusively refute the defendant’s claim of *169 affirmative misadvice. During the plea colloquy, the trial court informed the defendant that the plea conviction could be used as an “aggravator” in his upcoming murder trial. The judge did not specifically advise the defendant that the conviction could be introduced as Williams rule evidence in the murder trial’s guilt phase. The transcript is consistent with the defendant’s assertion that counsel advised him that the plea conviction could only be used as an aggravator in the penalty phase of the first-degree murder trial.
Because the defendant’s claim of affirmative misadvice is not conclusively refuted by the record, we remand for an evi-dentiary hearing.
Reversed and remanded.

. Williams v. State, 110 So.2d 654 (Fla.1959).